# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM S32550 (f rev)** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Micheal W. ROBINSON** | ) | |
| **Staff Sergeant (E-5)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Special Panel** |

At a special court-martial conducted on 6 September 2018, Appellant was convicted of one specification of failing to obey a lawful order in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892; one specification of reckless driving in violation of Article 111, UCMJ, 10 U.S.C. § 911; one specification of wrongfully using a controlled substance (heroin) on divers occasions and one specification of wrongfully using a controlled substance (cocaine), both in violation of Article 112a, UCMJ, 10 U.S.C. § 912a; and one specification of wrongful possession of drug paraphernalia in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, forfeiture of $1092.00 pay per month for five months, reduction to the grade of E-1, and a reprimand. The convening authority approved the sentence as adjudged.

As a result of Appellant's initial appeal, we affirmed the findings and sentence but found the convening authority's action incomplete because it omitted the illegal pretrial confinement credit ordered by the military judge, as required by Rule for Courts-Martial (R.C.M.) 1107(f)(4)(F). *United States v. Robinson,* No. ACM S32550, 2020 CCA LEXIS 76 (A.F. Ct. Crim. App. 9 Mar. 2020) (per curiam) (unpub. op.). We then returned the record of trial "to The Judge Advocate General for remand to the convening authority to withdraw the incomplete action, substitute a corrected action, and issue a corrected [court-martial order (CMO)]." *Robinson*, unpub. op. at *4–5. We also directed that upon the completion of the corrections, the record of trial be returned to this court for completion of appellate review in accordance with Article 66, UCMJ. *Robinson*, unpub. op. at *5.

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

On 22 April 2020, the record of trial was returned to this court with a corrected action and corrected CMO. However, the corrected action is undated and states, in pertinent part, "the entire sentence is approved and, the bad conduct discharge, will be executed." This language indicating that the bad conduct discharge will be executed is repeated in the corrected CMO.

Rule for Courts-Martial 1113(c)(1)(B) provides that "[a] dishonorable or bad conduct discharge may be ordered executed only after a final judgment within the meaning of R.C.M. 1209 has been rendered in the case." A judgment is final when appellate review is complete. *See* R.C.M 1209. Further, Appendix 16 to the *Manual for Courts-Martial* instructs that "the date of action" be included on the action.

On 14 July 2020, this court ordered the United States to show cause as to why this case should not be returned for a corrected action and corrected CMO for a second time. On 11 August 2020, the United States responded by acknowledging that "the CMO and action warrant correction because they both reflect the convening authority ordered execution of the bad conduct discharge prior to completion of appellate review, in noncompliance with R.C.M. 1113(c)(1)(B) and R.C.M. 1209." The United States also indicated no objection to the case being remanded to the convening authority to correct the CMO and the action.

Accordingly it is by the court on this 31st day of August, 2020,

**ORDERED:**

The record of trial is returned to The Judge Advocate General for **REMAND** to the convening authority to withdraw the erroneous action, substitute a corrected action, and issue a corrected CMO. Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court